UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD GOODMAN, | : | CIVIL NO: 1:14-CV-01319 |
| | : | |
| Petitioner, | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| JOHN KERESTES, | : | |
| | : | (Magistrate Judge Schwab) |
| Respondent.[1] | : | |

**REPORT AND RECOMMENDATION**

The petitioner, Edward Goodman ("Goodman"), a prisoner at SCI Mahanoy, filed this federal habeas corpus petition pursuant to 28 U.S.C. § 2254. In his petition, Goodman raises two claims challenging the November 5, 2013, denial of parole by the Pennsylvania Board of Probation and Parole (the "Board"). Pending before the Court is respondent's motion to dismiss Goodman's petition as second or successive. For the following reasons, we recommend that respondent's motion be denied.

---

[1] The proper respondent in a petition for writ of habeas corpus is the official having custody of the applicant. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in The United States District Courts, 28 U.S.C. § 2254. In this case, the proper respondent is John Kerestes, the Superintendent at SCI Mahanoy, not the Attorney General of Pennsylvania or the Pennsylvania Board of Probation and Parole. Nevertheless, we will not recommend that Goodman file an amendment; instead, the Court should construe the petition as solely naming Kerestes as the appropriate respondent. *See Maher v. Pennsylvania Board of Probation and Parole*, No. 04-1277, 2005 WL 1324879, at *1 n. 2 (M.D. Pa. June 3, 2005)(Vanaskie, J.)(noting and applying the same)

I.  **Background and Relevant Procedural History**.

On August 4, 1981, the Court of Common Pleas of Philadelphia County entered a judgment of sentence against Goodman for third-degree murder, voluntary manslaughter, and seven counts each of attempted murder, aggravated assault, and simple assault.[2] Pursuant to said judgment, Goodman was sentenced to serve 30 to 100 years' imprisonment. Having been credited with time served, Goodman's *minimum* sentence expired on or about August 8, 2008, and his *maximum* sentence is not set to expire until August 8, 2078. Since Goodman's minimum sentence expired, he has been denied parole on six separate occasions.

In relevant part, on April 28, 2009, Goodman's application for parole was denied on a second occasion (the "second parole denial"). In denying Goodman with parole on a second occasion, the Board provided:

> FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE PAROLE ACT, [THE BOARD], IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOUR BEST INTERESTS DO NOT JUSTIFY OR REQUIRE YOU BEING PAROLED . . . AND, THE INTERESTS OF THE COMMONWEALTH WILL BE INJURED IF YOU WERE PAROLED. . . . THEREFORE, YOU ARE REFUSED

---

[2]  We take judicial notice the docket sheets in *Commonwealth v. Goodman*, No. CP-51-CR-0901011-1978, and *Goodman v. Pennsylvania Board of Probation and Parole*, 596 MD 2013, 6 EAP 2014, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

> PAROLE… AT THIS TIME.  THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:
>
> YOUR MINIMIZATION/DENIAL OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S).
>
> YOUR REFUSAL TO ACCEPT RESPONSIBILITY FOR THE OFFENSE(S) COMMITTED.
>
> YOUR LACK OF REMORSE FOR THE OFFENSE(S) COMMITTED.
>
> THE NEGATIVE RECOMMENDATION MADE BY THE PROSECUTING ATTORNEY.
>
> THE NEGATIVE RECOMMENDATION MADE BY THE DEPARTMENT OF CORRECTIONS.
>
> YOUR INSTITUTIONAL BEHAVIOR, INCLUDING REPORTED MISCONDUCTS OR COMMUNITY CORRECTIONS RESIDENCY FAILURE.
>
> YOUR INTERVIEW WITH THE HEARING EXAMINER AND/OR BOARD MEMBER & REFUSAL TO ACCEPT RESPONSIBILITY FOR YOUR ACTIONS.

*See Doc.* 14-2 at 5-6 (*Goodman v. Kerestes*, No. 1:10-CV-01794).[3] In addition, the Board provided that at Goodman's next interview, it would review his file and consider: (1) whether he successfully completed a prescriptive program plan; (2) whether he received a favorable recommendation from the Department of Corrections; and (3) whether he received a clear conduct record and completed the Department of Corrections' prescriptive programs. *Id.* at 6.

---

[3]  The original document was drafted in capital letters.

On August 26, 2010, after Goodman had sought review of the second parole denial in the Commonwealth's appellate courts, he filed a federal habeas corpus petition in this Court relating to the same event. *See Goodman v. Kerestes*, No. 10-1794, 2011 WL 532338 (M.D. Pa. Jan. 7)(Smyser, Mag. J.), *report and recommendation adopted in* 2011 WL 530530 (Feb. 8, 2011)(Conner, J.). There, Goodman raised two claims for relief, contending that the second parole denial (1) amounted to a due process violation and (2) violated his right not to be imprisoned on the basis of an *ex post facto* application of an enacted law. This Court denied Goodman's petition on the merits, and the Third Circuit denied Goodman's application for a certificate of appealability.

While his previous petition was pending review in this Court, the Board denied Goodman parole on a third occasion. Moreover, following the Third Circuit's denial of Goodman's application for a certificate of appealability on the first petition, Goodman was denied parole on three other occasions, culminating in a sixth parole denial on November 5, 2013. In denying Goodman with parole on a sixth occasion, the Board provided:

> FOLLOWING AN INTERVIEW WITH YOU AND A REVIEW OF YOUR FILE, AND HAVING CONSIDERED ALL MATTERS REQUIRED PURSUANT TO THE [BOARD], IN THE EXERCISE OF ITS DISCRETION, HAS DETERMINED AT THIS TIME THAT: YOU ARE DENIED PAROLE…. THE REASONS FOR THE BOARD'S DECISION INCLUDE THE FOLLOWING:

> YOUR RISK AND NEEDS ASSESSMENT INDICATING YOUR LEVEL OF RISK TO THE COMMUNITY.
>
> THE NEGATIVE RECOMMENDATION MADE BY THE DEPARTMENT OF CORRECTIONS.
>
> YOUR MINIMIZATION/DENIAL OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.
>
> YOUR REFUSAL TO ACCEPT RESPONSIBILITY FOR THE OFFENSE(S) COMMITTED.
>
> THE NEGATIVE RECOMMENDATION MADE BY THE PROSECUTING ATTORNEY.

*Doc.* 15-1 at 2.[4] As well, the Board provided that at the next parole review, it would review Goodman's file and consider (1) whether he received a favorable recommendation from the Department of Corrections and (2) whether he maintained a clear conduct record. *Id.*

On December 2, 2013, upon receipt of the Board's reasons for denying him parole on a sixth occasion, Goodman filed a petition for a writ of mandamus in the Commonwealth Court of Pennsylvania. On January 24, 2014, the Commonwealth Court sustained the Board's preliminary objections in the nature of a demurrer and dismissed Goodman's petition. Goodman then filed a timely appeal to the Supreme Court of Pennsylvania, which, on June 16, 2014, affirmed the decision of the Commonwealth Court. *See also, Goodman v. Pennsylvania Board of*

---

[4] As before, the original document was drafted in capital letters.

*Probation and Parole*, 96 A.2d 986 (Pa. 2014)(affirming the order of the Commonwealth Court).

Less than a month after the Supreme Court of Pennsylvania filed its order, Goodman filed the habeas corpus petition under review. *Doc.* 1. Prior to filing this petition, Goodman did not seek any sort of permission or clearance from the Third Circuit.

In his petition, Goodman raises two claims for relief, namely that (1) the Board violated his substantive-due-process rights when it denied him parole for the sixth time and (2) in denying him parole for the sixth time, the Board retroactively applied parole standards that should not have applied to him, in violation of the *Ex Post Facto* Clause of the United States Constitution. Along with his petition, Goodman filed a motion to proceed *in forma pauperis*, *Doc.* 2, which we granted. *Doc.* 6. After Goodman filed his petition, we conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rather than recommending dismissal, we issued an order pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). *Doc.* 4. After the deadline passed for Goodman to respond to our "*Mason-Myers* Order," we issued a show-cause order to the respondent, which required the filing of an answer and memorandum of law addressing the contents of Goodman's petition. *See Doc.* 7. Rather than fully complying with our Show-Cause Order, the respondent filed a motion to dismiss

Goodman's petition as second or successive. *Doc.* 12. Respondent's motion is now ripe for review, and our recommendation follows.

**II.     Discussion**.

Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[5] 28 U.S.C. § 2254(a).  In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132 § 104, 110 Stat. 1214. AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody[.]" *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam) (citing 28 U.S.C. § 2244(b)).

In relevant part, among the stringent set of procedures that must be followed, before filing a "second or successive" habeas petition with a district court, the state prisoner first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of a court of appeals may authorize the filing

---

[5]     Although the federal habeas statutes refer to a habeas "application," we shall use the word "petition" interchangeably with the word "application," as does the United States Supreme Court in its various opinions.

of a second or successive petition only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). *Id.* at 153 (citing, *inter alia*, § 2244(b)(3)(C)). Section 2244(b)'s requirement that prisoners obtain authorization from an appropriate court of appeals before filing "a second or successive habeas corpus application under section 2254" with the district court is jurisdictional. *Id.* at 149. Here, Goodman has not obtained, or sought to obtain, any authorization from the Third Circuit, and respondent argues that the pending petition is second or successive. Accordingly, before this Court may proceed any further with this case, it must be determined whether Goodman's present petition is subject to § 2244(b)'s procedural requirements.

In determining whether a habeas petition is "second or successive," it is well-recognized that ADEPA does not define the phrase. In *Magwood v. Patterson*, 561 U.S. 320 (2010), the Supreme Court reiterated that it is a "term of art" and that:

> [t]o determine its meaning, we look first to the statutory context. The limitations imposed by § 2254(b) apply only to a "habeas corpus application under § 2254," that is, an "application for a writ of habeas corpus on behalf of a person in custody pursuant to *the judgment* of a State court." § 2254(b) (1). The reference to a state-court judgment in § 2254(b) is significant because the term "application" cannot be defined in a vacuum. A § 2254 petitioner is applying for something: His petition "seeks *invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005) (emphasis added). If his petition results in a district court's granting of the writ, "the State may seek a *new* judgment

> (through a new trial or a new sentencing proceeding)." *Ibid.* (emphasis in original). Thus, both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" must be interpreted with respect to the judgment challenged.

*Magwood*, 561 U.S. at 332.  The Court also explained that the "second or successive" determination is made as to a petition as a whole, not as to claims within a petition. *Id.* ("AEDPA uses the phrase 'second or successive' to modify 'application[,]' [not] to modify 'claims.'").

Of course, it is also well-settled that not all § 2254 petitions filed second or successively in time fall within section 2254(b)'s provisions just because they involve a state-court judgment already challenged in a prior § 2254 petition. *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of 2254 will not survive AEDPA's 'second or successive' bar. There are, however, exceptions."); *see also, Magwood*, 561 U.S. at 338, n. 12 (noting that the Court, through its opinion, did not purport to constrain the scope of § 2254 as it has been previously defined; instead, the opinion was only to apply to a petition seeking to challenge a new state-court judgment for the first time).  Thus, in certain circumstances, a petitioner may raise a claim in a second or successive petition that was unripe when he litigated his first petition and not be required to receive authorization under § 2244(b) from a court of appeals before he files it with a district court. For example, when the first petition was dismissed for lack of exhaustion, the

subsequent habeas corpus petition is not "second or successive" under section 2254(b). *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 478, 487 (2000). Likewise, the Supreme Court has held that a death row inmate arguing in a second-in-time petition that his mental illness rendered him incompetent to be executed is not raising a "second or successive" petition because such incompetency based claims are not ripe until the execution date is set. *See, e.g., Panetti*, 551 U.S. at 944 ("Congress did not intend the provisions of AEDPA addressing 'second or successive' petitions to govern a filing in the usual posture presented here: a 2254 application raising a *Ford*-based incompetency claim filed as soon as the claim is ripe."); *see also, Stewart v. Martinez–Villareal*, 523 U.S. 637 (1998). And, as *Benchoff v. Colleran* suggests, when a state prisoner is challenging certain decisions made by agencies such as a parole board (i.e., claims challenging the "administration" of the sentence), he may raise that challenge in a second-in-time petition even though he already litigated a prior petition that challenged his underlying conviction or sentence, but only if the claim was not available to him when he litigated the first petition. *See* 404 F.3d 812, 818 (3d Cir. 2005)("[C]ourts have permitted a petitioner to challenge the administration of his or her sentence in a subsequent habeas petition," only when the "challenged conduct has occurred *after* the filing of the earlier petition.")(Emphasis in original).

Here, Goodman raises a petition of the kind discussed in *Benchoff*, in that he seeks to challenge the administration of his sentence, namely the Board's sixth parole denial. Under the *Benchoff* line of cases, courts, in determining whether a petition of this kind is second or successive, may refer to the "abuse of the writ doctrine," which is a pre-AEDPA doctrine concerned with preventing piecemeal litigation. 404 F.3d at 818; *see also, Maguire*, 561 U.S. at 344 (Kennedy, J. dissenting)(explaining that the phrase "second or successive" "incorporates the pre-AEDPA abuse-of-the-writ doctrine")(citing *Panetti*, 551 U.S. at 947). When applying the abuse-of-the-writ doctrine, courts must look to the substance of the claim the petition raises and decide whether the petitioner had a full and fair opportunity to raise the claim in the prior application or otherwise had a legitimate excuse for his failure to do so. *See Benchoff*, 404 F.3d at 816 (citing *McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991)).

In moving to dismiss Goodman's petition as "second or successive," respondent points to Goodman's August 26, 2010, habeas corpus petition that was filed in this Court. *See Doc.* 15 at 6. According to respondent, because Goodman previously raised the same claims in relation to the second parole denial, and that those claims were, in turn, denied on the merits, the claims in the current petition regarding the sixth parole denial should be dismissed as second or successive. *Id.*

11

at 6-8. To support his argument, respondent principally relies upon the Third Circuit's opinion in *Benchoff v. Colleran*. *See* Doc. 15 at 5-8.

In *Benchoff*, the petitioner's first habeas corpus petition relating to the conduct of his criminal trial was pending when he filed a second habeas petition contending that the Board violated his right to due process by failing to provide him with an adequate statement of reasons for denying him parole. *Id.* at 813-14, 817.[6]  Prior to the filing of his first habeas corpus petition, however, the petitioner had already twice been denied parole for the same reasons and allegedly without an adequate statement of reasons. *Id.* at 814, 817-18.  Moreover, after the first habeas petition had been filed but before the filing of the second, the petitioner was again denied parole. *Id.* at 817-18.  The result of the third parole denial was the same as the first two that preceded it.  Ultimately, the District Court denied the first habeas corpus petition on the merits prior to ruling on the merits of the second petition, which was also ultimately denied. *Id.* at 813-14.

Presented with that backdrop, the petitioner appealed the denial of his second habeas corpus petition to the Third Circuit.  On appeal, the Third Circuit, *sua sponte*, took on the issue of whether the petitioner's second petition should

---

[6]  The petitioner also subsequently filed other habeas corpus petitions relating to the Board's supplemental reasons for denying him parole; supplemental reasons that were substantively different from those previously provided to him. Furthermore, the subsequent habeas petitions that followed included new claims invoking the *Ex Post Facto* Clause, and the Third Circuit noted that its decision did not touch those particular claims. 404 F.3d at 814 n.3.

have been dismissed as "second or successive," and framed the question in the appeal as whether the petitioner could have raised his challenge to Pennsylvania's parole procedures in his first habeas petition. *Id.* at 815, 817.

Answering the question posed, the Third Circuit held that the second habeas petition was "second or successive" and should have been dismissed accordingly. *Id.* at 813, 820. The court reasoned that the petition should have been dismissed because in matters where "courts have permitted a petitioner to challenge the *administration* of his or her sentence in a subsequent habeas petition, the challenged conduct has occurred *after* the filing of the earlier petition." Id. at 818. The petitioner, however, had already received two of three "identically phrased denials of parole" at the time he filed the first habeas petition. *Id.* at 818 (some emphasis added, other emphasis in the original). With respect to the third parole denial, the court also stated that it "was . . . not a necessary factual predicate to [petitioner's] due process claim," and that "even one of the parole denials would have been sufficient for [petitioner] to formulate his complaint." *Id.* Thus, "[the petitioner] knew of all the facts necessary to raise his [due process] claim before he filed his initial federal petition." *Id.* (internal quotations and quoted case omitted).

Here, unlike in *Benchoff*, Goodman does not seek to challenge any conduct engaged in by the Board before the filing of the earlier petition; instead, the conduct complained of solely relates to the sixth parole denial, which occurred

13

after this Court and the Third Circuit had input on the earlier petition. In addition, the sixth parole denial includes a justification not provided to Goodman in the second parole denial, namely his risk and needs assessment indicating his level of risk to the community.[7] As well, the Board's justifications for denying Goodman with parole on the sixth occasion did not explicitly include the following, which were included in the second parole denial: (1) Goodman's lack of remorse; and (2) Goodman's institutional behavior, including reported misconducts or community corrections residency failure. Thus, Goodman's new parole denial is not exactly the same, and we find this case to be factually different from the one presented to the Third Circuit in *Benchoff*.

Under the circumstances presented, therefore, Goodman did not have a full and fair opportunity to raise the claims in the prior habeas petition because the factual predicate of his present claim did not occur until after the previous petition was decided. As well, when petitioners in other cases have sought to challenge a string of parole denials, this Court and the District Court for the Western District of Pennsylvania has not dismissed second-in-time petitions as "second or successive"

---

[7] In the second parole denial, before individually listing its justifications for denying Goodman with parole, the Board stated that Goodman's "best interests" and the "[i]nterests of the Commonwealth" did not warrant the granting of parole. *See Doc.* 14-2 at 5 (*Goodman v. Kerestes*, 1:10-CV-01794). While seemingly similar to this justification provided to Goodman in the sixth parole denial, the second parole denial did not tie its reasoning to a risk and needs assessment. Therefore, we find the two justifications to be distinguishable.

solely because the results of the parole hearing were the same. Those cases, instead, primarily looked to whether the parole denials occurred after the events at issue in prior petitions. *See Warren v. Bledsoe*, No. 08-1657, 2009 WL 4823872, at *2 (M.D. Pa. Nov. 19, 2009)(finding without explicitly stating that petitioner's challenge to a parole denial, occurring after an earlier habeas petition, was not to be dismissed as second or successive, but otherwise finding said challenge to be time-barred); *Walls v. Attorney General of Pennsylvania*, No. 06-1598, 2007 WL 4190790, at *2 (W.D. Pa. Nov. 26, 2007)(finding that petitioner's challenge to a sixth and seventh parole denial should not be dismissed as second or successive where said parole denials occurred after the previous habeas petition). Consequently, upon this reasoning, we recommend that respondent's motion to dismiss be denied. *See also, McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007)(stating in the statute-of-limitations context that parole denials are no less a discrete act than the hiring or firing of an employee in the employment discrimination setting); *but see, Long v. Pennsylvania Board of Probation and Parole,* No. 11-2347, 2012 WL 2319247, at *2-*3 (M.D. Pa. May 14, 2012)(recommending the dismissal of a habeas petition as "second or successive" under similar factual circumstances).[8]

---

[8] We further recognize that Goodman does not directly address the argument put forth by respondent. That alone, however, is not cause for us to simply adopt the respondent's argument and reasoning. With respect to the argument Goodman

## III. **Recommendations**.

For the reasons stated above, **WE RECOMMEND** that:

1) Respondent's motion (*Doc.* 12) to dismiss Goodman's habeas corpus petition as second or successive be **DENIED**; and

2) The case be **REMANDED** to the undersigned for a recommendation on the merits of Goodman's two claims for relief, after the parties have had the opportunity to address the substantive issues contained therein.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law,

---

makes, however -- i.e., that his petition should be construed as one filed as one under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254, in an apparent attempt to skirt the procedural requirements of a petition filed under the latter statute -- we are compelled to point out that it plainly fails under Third Circuit precedent. *See Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001).

16

and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **2nd** day of **April, 2015**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge