IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD GOODMAN,** | : | **CIVIL ACTION NO. 1:14-CV-1319** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **JOHN KERESTES,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 5th day of May, 2015, upon consideration of the report (Doc. 17) of Magistrate Judge Susan E. Schwab, wherein the magistrate judge rejects the respondent's characterization of the instant petition (Doc. 1) pursuant to 28 U.S.C. § 2254 filed by petitioner and state prisoner Edward Goodman ("Goodman") as an unauthorized second or successive petition, and concludes that the instant petition involves conduct of the Pennsylvania Board of Probation and Parole occurring after resolution of Goodman's first Section 2254 petition by this court and by the Third Circuit Court of Appeals, (see Doc. 17 at 13-15 (citing Warren v. Bledsoe, No. 08-1657, 2009 WL 4823872, at *2 (M.D. Pa. Nov. 19, 2009); Walls v. Attorney General of Pa., No. 06-1598, 2007 WL 4190790, at *2 (W.D. Pa. Nov. 26, 2007)), and thus recommends the court deny respondent's motion (Doc. 12) to dismiss the petition on those grounds, (Doc. 17 at 7-15), and, following an independent review of the record, it appearing that neither party objects to the report, and that there is no clear error on the face of

the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that the failure to timely object "may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 17) of Magistrate Judge Schwab is ADOPTED.

2. Respondent's motion (Doc. 12) to dismiss Goodman's petition (Doc. 1) as an unauthorized second or successive petition is DENIED.

3. This matter is REMANDED to Magistrate Judge Schwab for further proceedings.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in according with this Third Circuit directive.